# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

JOHN QUADE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C10-3011-PAZ

**ORDER**

_____

This matter is before the court on the defendant's motion for remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 11) The plaintiff filed applications for disability insurance ("DI") and supplemental security income ("SSI") benefits in June 2004, alleging disability beginning July 15, 1983, due to major depression, anxiety, and a panic disorder. The application for DI benefits was denied initially, upon reconsideration, and after an ALJ hearing, based on the plaintiff's date last insured of March 31, 1984.

The plaintiff's application for SSI benefits was denied based on a finding that the plaintiff had resources in excess of the allowable amount. He submitted a timely request for reconsideration that was not processed. In June 2006, the plaintiff resubmitted his request for reconsideration. According to the defendant, "[a] technical expert for the agency subsequently concluded that the denial for excess resources was incorrect for the initial period, and thus the claim required additional processing, specifically a determination of disability." Doc. No. 11, p. 3.

The plaintiff filed another SSI application in July 2006, while the 2004 SSI claim was still pending. The two SSI claims were consolidated. In October 2006, the consolidated SSI claims were denied. In February 2007, the claims were denied on

reconsideration. The plaintiff requested a hearing on the consolidated SSI claims. The defendant issued a notice of hearing, but limited the issue to the plaintiff's 2006 application for SSI benefits. The plaintiff objected, requesting consolidation of the 2004 and 2006 applications for purposes of the hearing, and also requesting the presence of a medical expert at the hearing. The ALJ hearing was held on October 10, 2008, and additional evidence was presented to the ALJ on February 9, 2009. On February 12, 2009, the ALJ issued an unfavorable decision. In the decision, the ALJ stated the 2004 SSI claim had been resolved previously and therefore the ALJ considered the relevant period as beginning in July 2006. The plaintiff appealed and submitted new evidence. On January 21, 2010, the Appeals Council denied the plaintiffs' request for review, making the February 12, 2009, decision the final decision of the Commissioner regarding the plaintiff's claims for SSI benefits.

The defendant seeks remand to allow full consideration of the entire relevant time period, including evidence relating to the 2004 SSI application. Because the ALJ believed the 2004 application had been resolved, he failed to review the evidence and make factual findings for the full time period in question. The plaintiff agrees remand would be appropriate for further development of the record.

Sentence four remand requires a plenary review of the record and "a substantive ruling regarding the case, rather than merely returning the case to the agency for disposition." *Hanson v. Chater*, 895 F. Supp. 1279, 1282-83 (N.D. Iowa 1995) ("Absent a judgment or substantive ruling in the case, a remand is not permitted under sentence four of 42 U.S.C. § 405(g).") (citing *Shalala v. Schaefer*, 509 U.S. 292, 299-300, 113 S. Ct. 2625, 2630, 125 L. Ed. 2d 239 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991)).

The court has reviewed the Record in this case, and finds the defendant's motion has merit. Accordingly, the motion is **granted**, and this case is **reversed and remanded** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), with directions to further develop the record, including seeking the opinions of a medical expert if appropriate; consideration of all of the evidence of record, including evidence submitted by the plaintiff after the previous ALJ hearing and such other evidence as the plaintiff may wish to proffer at this stage; and to make factual findings regarding the full time period in question. Judgment will be entered in favor of the plaintiff and against the Commissioner.

**IT IS SO ORDERED.**

**DATED** this 24th day of June, 2010.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT